

**08 CV 3617**

176-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
VENETICO MARINE S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENETICO MARINE S.A.,

                Plaintiff,

-against-

GUANGZHOU CSSC-OCEANLINE-GWS
MARINE ENGINEERING CO., LTD. a/k/a
GUANGZHOU DOCKYARDS,

                Defendant.

08 Civ. ( )

APR 15 2008

**VERIFIED COMPLAINT**

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, VENETICO MARINE S.A. (hereinafter "VENETICO") for its Verified Complaint against Defendant GUANGZHOU CSSC-OCEANLINE-GWS MARINE ENGINEERING CO., LTD. a/k/a GUANGZHOU DOCKYARDS (hereinafter "GUANGZHOU") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party and maritime tort. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition

and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff VENETICO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80, Broad Street, Monrovia, Liberia.

3. At all times relevant hereto, Defendant GUANGZHOU was and now is a corporation or other business entity organized and existing under the laws of the People's Republic of China with a registered office at Wenchuan Road 1#, HuangPu, Guangzhou, P.C.:510727, China.

4. Pursuant to a contract dated November 28, 2007, Defendant GUANGZHOU agreed with Plaintiff VENETICO to perform certain repairs to Plaintiff's vessel M/V IRENE E.M.

5. Pursuant to the aforesaid contract, Defendant GUANGZHOU agreed to complete steelwork, pipe work, hatch covers and mechanical repair works within a period of 27 good weather days.

6. The vessel entered the shipyard on or about January 23, 2008.

7. Following the Chinese New Year holidays it was mutually agreed that the time for Defendant GUANGZHOU to complete the steelwork, pipe work, hatch covers and mechanical repair works would be extended a further 10 days to a total of 37 good weather days.

8. During the course of the repairs it was discovered that the vessel's rudder was damaged.

9. Defendant GUANGZHOU and Plaintiff VENETICO thereafter entered into a further contract dated February 18, 2008 for the repair of the rudder.

10.   It was agreed that the repair of the rudder would be completed by Defendant within 25 days from the date of the contract.

## FIRST CAUSE OF ACTION

11.   Prior to entering into the ship repair contract dated November, 28, 2007, Defendant GUANGZHOU represented to Plaintiff VENETICO that it would furnish sufficient skilled labor, supervision and yard facilities in order to perform the repairs in a competent and proper manner within the initially promised time frame of 27 days.

12.   At the time of making these representations, Defendant GUANGZHOU knew that it was incapable of performing the repairs timely and properly as promised to Plaintiff VENETICO both because Defendant lacked the physical facilities necessary as well as the ability to provide sufficient trained personnel and supervision.

13.   Defendant GUANGZHOU had previously contracted with other vessel owners to perform repairs and conversion work to approximately 17 other vessels which was substantially in excess of the yard's capacity, which is a maximum of 6 vessels altogether.

14.   By reason of these material misrepresentations, Defendant GUANGZHOU committed a fraud upon Plaintiff VENETICO which materially induced Plaintiff to enter into the ship repair contract with Defendant.

15.   As a direct consequence of Defendant GUANGZHOU having fraudulently induced Plaintiff VENETICO into entering the ship repair contract, the steelwork, pipe work, hatch covers and mechanical repair work was not completed within the agreed 37 good weather days, but instead has taken an additional 53 days beyond the agreed timeframe and the repairs remain incomplete.

16. As a further consequence of the fraudulent representations by Defendant GUANGZHOU, Plaintiff was induced to agree to have Defendant perform the repairs to the vessel's rudder which despite the promises of Defendant have not been completed within the agreed 25 good weather days, but instead have taken an additional 39 days beyond the agreed timeframe and the repairs remain incomplete.

17. By reason of the foregoing, Plaintiff VENETICO has suffered delay damages under the contract for the steelwork, pipe work, hatch covers and mechanical works in the amount of $318,000.00 and for the works on the rudder in the amount of $1,365,000, no part of which has been paid although duly demanded.

18. As a result of the fraud committed by Defendant GUANGZHOU, Plaintiff VENETICO is entitled to rescission of the contract.

19. Had the repairs been timely completed as promised the vessel would have left the repair yard on or about March 14, 2008 and have commenced a charter whereunder it would have earned the sum of $35,000 per day for the period from March 14, 2008 to April 22, 2008 when the vessel is now expected to finally depart.

20. Plaintiff VENETICO is further entitled to recover its losses in the sum of $1,365,000.00 incurred as a result of the prolonged delay caused by the Defendant's known inability to repair the vessel within the timeframe promised for which it seeks recovery against Defendant GUANGZHOU in legal proceedings which have or soon will be filed in the courts of Greece.

21. To the extent Plaintiff's claims are subject to legal proceeding in Greece, Plaintiff brings this action in order to obtain security for its claims.

22. As and for Plaintiff VENETICO's first cause of action, Plaintiff claims a total amount of $1,365,000.00.

## SECOND CAUSE OF ACTION

23. Plaintiff repeats and realleges the foregoing paragraphs as if set forth herein at length.

24. As an express or implied term of the ship repair contract, Defendant GUANGZHOU agreed to provide sufficient facilities, labor and supervision in order to perform the repairs in a timely, competent, efficient and proper manner.

25. In breach of the ship repair contract(s), Defendant GUANGZHOU has failed to perform the repairs in a timely, competent and proper manner; in particular, having failing failed to furnish sufficient labor and having on numerous occasions require the vessel to be shifted from one berth to another thereby causing additional delays.

26. By reason of the foregoing premises, as best as can presently be calculated, Defendant GUANGZHOU owes Plaintiff VENETICO the principal sum of $528,000.00 on Plaintiff's second cause of action, no part of which has been paid although duly demanded.

27. The aforesaid contract(s), to the extent they are not voided by reason of the fraud committed by Defendant, are subject to arbitration in China pursuant to which legal fees, arbitrators' fees and other costs ("collectively") are recoverable. Plaintiff has or soon will demand arbitration and will seek recovery of costs in the estimated amount of $100,000.00.

28. Interest is also recoverable in Chinese arbitration on the principal amount of Plaintiff's claims of $528,000.00 and Plaintiff claims interest at the compound rate of 7% per annum at three months rest, as is the custom for maritime arbitration in China for a period of 3 years or the amount of $110,880.00.

29. To the extent Plaintiff's claims are subject to arbitration, Plaintiff brings this action in order to obtain security for its claims.

30. By reason of the foregoing premises, Plaintiff VENETICO claims a total amount of $ 738,880.00 as and for its second cause of action.

## THIRD CAUSE OF ACTION

31. Plaintiff repeats and realleges the foregoing paragraphs as if set forth herein at length.

32. Defendant GUANGZHOU represented itself to be an expert and experienced ship repair facility.

33. As such Defendant GUANGZHOU was required at all times to act in a competent and proper manner as an expert and experience ship repair facility in performing the repair works.

34. Defendant GUANGZHOU has failed to act as an expert and experienced ship repair facility and has otherwise been incompetent and unprofessional in that Defendant GUANGZHOU has failed to commit the appropriate personnel and supervision to the vessel in order to perform the repairs in a safe, proper and timely manner; has permitted the vessel to remain at the repair facility for an unnecessarily lengthy period of time; has failed to work in repairing the vessel on a daily basis and has instead allowed the vessel to remain moored without any work being performed for several days at a time; has failed to perform the repairs properly thus necessitating certain repairs, including in particular welding repairs, to have to be re-performed; has failed to furnish proper quality control supervision; has failed to replace vent and

sounding pipes; all of which actions have been taken in a grossly negligent or negligent manner in respect to its duties as a shipyard.

35. As a result of Defendant GUANGZHOU being grossly negligent or negligent in its duties, Plaintiff VENETICO has sustained losses in the sum of $1,365,000.00 for which it seeks recovery against Defendant GUANGZHOU.

### Request for Rule B Relief

36. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant GUANGZHOU (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

37. The total amount sought to be attached pursuant to the above is **$2,103,880.00**.

WHEREFORE, Plaintiff VENETICO MARINE S.A. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including

$ **2,103,880.00** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant GUANGZHOU CSSC-OCEANLINE-GWS MARINE ENGINEERING CO., LTD. a/k/a GUANGZHOU DOCKYARDS, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 15, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
VENETICO MARINE S.A.

By: _____
Michael E. Unger (MU-0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
15th day of April 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/302782.1                         9